<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHARLENE V. BISHOP-MELVIN,** | **Civil Action No. 12-0031 (AET)** |
| **Plaintiff,** | |
| v. | |
| **FIRST AMERICAN ACCEPTANCE CO., LLC, et al.,** | **MEMORANDUM OPINION & ORDER** |
| **Defendant.** | |

<u>**BONGIOVANNI, United States Magistrate Judge**</u>

This matter comes before the Court upon Motion by Counsel for Plaintiff, Law Offices of

Dimitrios Kolovos, LLC ("Counsel") for Attorneys' Fees and Costs. [Docket Entry No. 13].

Defendants First American Acceptance Co., LLC, et al. ("Defendants") oppose Counsel's motion.

The Court has fully reviewed and considered all of the papers submitted in support of and in

opposition to Counsel's Motion and considers same without oral argument pursuant to FED. R. CIV.

P. 78. For the reasons set forth more fully below, Counsel's Motion for Attorney's Fees and

Expenses shall be GRANTED in part.

**I.     PROCEDURAL HISTORY**

On January 3, 2012, Plaintiff filed her Complaint [Docket Entry No. 1] against Defendants

alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). Shortly thereafter the

parties settled the statutory damages portion of Plaintiff's claims and a Stipulation and Order to that

effect was entered on March 28, 2012 [Docket Entry No. 8]. Plaintiff then filed the present motion

seeking recovery of the attorney's fees and costs expended in successfully recovering her statutory

damages.  Both parties agree that Counsel is entitled to fees; however, there is a dispute as to the

reasonableness of the fees requested.

Counsel explains the purpose and history of the FDCPA. *Plaintiff's Brief in Support of*

*Petition for Attorney's Fees and Costs*, Docket Entry No. 13-3 at *6-7.  Counsel further explains that

a successful party is entitled to attorney's fees under the FDCPA. *Id.* at *7.  Counsel argues that, in

light of the fact that the parties stipulated that Plaintiff is a prevailing party, she is entitled to fees and

costs. *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).

Counsel refers to the Supreme Court's decision regarding the calculation of an award of

attorney's fees in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Counsel also refers to the

"lodestar" amount, which is the multiplication of the reasonable number of hours expended times

the reasonable hourly rate and Counsel advocates use of the lodestar calculation in this case.

*Plaintiff's Brief* at *10.  Counsel contends that the hourly rate used in the lodestar analysis "should

be compensated based on market rates in the vicinage of the litigation." *Interfaith Community*

*Organization v. Honeywell*, 426 F.3d 694, 699 (3d Cir. 2005).  Counsel suggests an hourly rate of

$275 for Attorneys Mullaney and Shaw and counsel provides support for this figure in the form of

a publication by the National Law Journal as well as the fee awards given to these attorneys in a

2011 decision in this vicinage. *Plaintiff's Brief* at *11 (citing *Perez v. Midland Funding, LLC, et al.*

Civil Action No. 09-6407*, 2011 WL 5156869, *8-9 (D.N.J. Aug. 11, 2011).

Counsel reminds the Court that It retains discretion in determining the award of attorney's

fees under the FDCPA. *Plaintiff's Brief* at *13 (citing *Norton v. Wilshire Credit Corp.*, 36 F.Supp.2d

216, 219 (D.N.J. 1999) (citing *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 721 (3d Cir.

1989))); *see also Hensley*, 461 U.S. at 437.  Counsel states that any reduction in a fee award must

be based on objections actually raised by the adverse party and Counsel further argues that any

objection by an adverse party must be specific and clear. *Plaintiff's Brief* at *13 (citing *Bell*, 884

F.2d at 720).

Counsel states that it reasonably expended 26.2 hours and $360.90 in costs in its successful

pursuit of Plaintiff's claims.  Counsel explains that Brian T. Shaw, Esq. spent 11.40 hours and

Joseph A. Mullaney, Esq. expended 10.50 hours.  Additionally, Counsel states that Mr. Shaw and

Mr. Mullaney spent a collective 2.30 hours preparing this Petition.  Applying the suggested market

rate, Counsel determines that Plaintiff incurred $6,855.00 in attorney's fees, plus $360.90 in costs.

However, Counsel also suggests a reduction of 10% "to account for inherent duplication and/or

inefficiencies." *Plaintiff's Brief* at *14.  Thus, Counsel ultimately requests $6,169.50 in attorney's

fees, plus $360.90 in costs, for a total of $6,530.40.

Defendants agree that Plaintiff is entitled to recover reasonable attorney's fees due to her

status as a prevailing party under the FDCPA.  However, Defendants argue that the fees requested

by Counsel are not reasonable because: "(1) the rates are excessive; and (2) the number of hours

being claimed is unreasonable and excessive." *Defendant's Brief in Opposition*, Docket Entry No.

20, *6.

Defendants first argue that a rate of $275 per hour for Attorneys Shaw and Mullaney is

excessive.  In response to Counsel's argument that this district approved an amount of $265 per hour

in *Perez*, Defendant points out that defendants in that case did not object to the proposed rate. *See*

*Perez v. Midland Funding LLC, et al.* Civil Action No. 09-6407*, 2011 WL 5156869, *8-9 (D.N.J.

Aug. 11, 2011).  In this case, Defendants do object to the proposed rate and Defendants suggest that

the Court apply the rate set forth in another case in this district; specifically, the $210 hourly rate

applied in *Levy v. Global Credit and Collection Corp.*, Civil Action No. 10-4229, 2011 WL 5117855

(D.N.J., October 27, 2011).

Defendants next argue that the amount of time billed to Plaintiff is unreasonable. Defendants

provide several specific examples of entries which they assert are excessive, duplicative and non-

compensable time entries. *Defendant's Brief* at *10-13.  Defendants emphasize that this was a

"straightfoward, non-complex FDCPA matter that was not litigated in any significant manner." *Id.*

at *10.

Defendants conclude that a reasonable award for attorney's fees and costs in this case would

be $3,500.90.  Defendants attach a line-by-line breakdown of this calculation as Exhibit A [Docket

Entry No. 20-1] to their Brief in Opposition.

Counsel has filed a Reply brief.  In it, Counsel argues that Defendants have failed to refute

Plaintiff's evidence of specific market rates.  Counsel points out that Defendants cite to the court's

decision in *Levy*, but that they do not provided any comparison of the skill, experience, and

reputation of the attorneys in the *Levy* case to the attorneys in this case.  Counsel further asserts that

Defendants have not offered any evidence of prevailing market rates.  Counsel reminds the Court

that "[a] District Court may not set attorney's fees based on a generalized sense of what is usual and

proper but 'must rely upon the record.'" *Evans v. Port Authority of NY and NJ*, 273 F3d 346, 361

(3d Cir. 2001)(quoting *Smith v. Philadelphia Housing Authority*, 107 F.3d 223, 225 (3d Cir. 1997)

(quoting *Coleman v. Kaye*, 87 F.3d 1491, 1516 (3d Cir. 1996))).  Thus, Counsel asserts that the

hourly rates requested by Plaintiff are reasonable. *Plaintiff's Brief in Support*, Docket Entry No. 21,

*2.

In response to Defendants assertion that the amount of time billed to Plaintiff in pursuit of this claim is unreasonable, Counsel argues that Defendants have not provided specific and clear challenges to the fee petition. *Plaintiff's Reply* at *5. As it did in its moving brief, Counsel argues that any objections to a fee application must "specifically state the adverse party's grounds for contending that the hours claimed in that area are unreasonable." *Bell*, 884 F.2d at 720. Counsel argues that, without clarity as to Defendants' objections, Counsel cannot properly defend its request or respond to Defendants' allegations.

## II. Legal Standard

The Fair Debt Act provides that "in a case of any successful action," a prevailing party may recover, "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Absent unusual circumstances, the award of attorneys fees and costs to a prevailing plaintiff in an FDCPA case is required. *See Graziano v. Harrison*, 950 F.2d 107, 113-14 (3d Cir. 1991). However, the quantum of any fee award must be guided by a "reasonableness" standard that necessarily implicates "the facts and circumstances of the underlying litigation." *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628-29 (4th Cir. 1995).

A reasonable attorney's fee is one that is "adequate to attract competent counsel, but which does not produce a windfall to attorneys." *Public Interest Research Group of N. J., Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995); *see also Apple Corps Ltd. v. Int'l Collectors Soc.*, 25 F. Supp. 2d 480, 484 (D.N.J. 1998). The Court is guided by the well-known "lodestar" method, which requires multiplying the hours reasonably expended by a reasonable hourly rate. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983); *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir.

2001). The party seeking fees has the burden to come forward with evidence establishing the number of hours worked and the reasonableness of the rate claimed. *See, e.g., Smith v. Phila. Hous. Auth.*, 107 F.3d 223, 225 (3d Cir. 1997). Any party may oppose a fee application by objecting with "sufficient specificity." *Id*. If an objection is lodged, the party seeking to recover fees bears the burden to show that the fee request is reasonable. *Id.*

While the lodestar is presumed to yield a reasonable fee, *Washington v. Pa. County Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996), either party may seek an adjustment of the lodestar amount but bears the burden to show an adjustment is necessary. *Mosaid Techs., Inc. v. Samsung Elecs. Corp.*, 224 F.R.D. 595, 597 (D.N.J. 2004).  In deviating from the lodestar, courts may consider numerous factors, including, for example, the time spent and labor required; the novelty and difficulty of the legal issues; the customary fee in the community; whether the fee is fixed or contingent; the nature and length of the professional relationship with the client; and awards in similar cases. *See Public Interest Research Group*, 51 F.3d at 1185 n.8 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).

The district court ultimately "retains a great deal of discretion in deciding what a reasonable fee award is," *Bell v. United Princeton Properties*, 884 F.2d 713, 721 (3d Cir. 1989), and "in determining whether the fee request is excessive . . . the court will inevitably engage in a fair amount of 'judgment calling' based upon its experience with the case and the general experience as to how much a case requires." *Evans v. Port Auth. of NY & NJ*, 273 F.3d 346, 362 (3d Cir. 2001).

## III.  Analysis

Counsel seeks $6,530.40 in attorney's fees billed by two attorneys and their staff.  Defendants

contend that the hourly rates and hours billed are excessive.  The Court will address each objection in turn.

### A. Hourly Rates

In evaluating the reasonableness of Counsels' hourly rates, the relevant inquiry is the prevailing rate for comparable legal services in the forum of litigation. *See, e.g., Interfaith Comm. Org. v. Honeywell, Intern., Inc.*, 426 F.3d 694, 705 (3d Cir. 2005). The Plaintiff bears the burden "of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case." *Smith*, 107 F.3d at 225. "The fee applicants burden may be satisfied by the submission of affidavits of non-party attorneys with personal knowledge of the hourly rates customarily charged in the relevant community." *Apple Corps.*, 25 F. Supp. 2d at 493. A reasonable rate is determined by "assessing the experience and skill of the prevailing party's attorneys and compar[ing] the rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001). The Court has broad discretion in determining an appropriate hourly rate. *See Washington*, 89 F.3d at 1036.

Counsel seeks an hourly rate of $275 per hour for the attorneys and $100 per hour for staff.  Defendants suggest an hourly rate of $210 for the attorneys and Defendants do not object to a rate of $100 for staff.  In order to evaluate the reasonableness of an attorney's rates, the Court employs the test outlined in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). *See also Public Interest Research Group v. Windall*, 51 F.3d 1179, 1185 n.8 (3d

Cir. 1995).  Pursuant to *Johnson*, there are twelve relevant factors to be considered when

determining the amount of attorneys' fees to be awarded:

> (1)    the time and labor required;
>
> (2)    the novelty and difficulty of the questions;
>
> (3)    the skill requisite to perform the legal services properly;
>
> (4)    preclusion of other employment by the attorney due to acceptance of the case;
>
> (5)    the customary fee in the community;
>
> (6)    whether the fee is fixed or contingent;
>
> (7)    time limitations imposed by the client or the circumstances;
>
> (8)    the amount of time involved and the results obtained;
>
> (9)    the experience, reputation, and ability of the attorneys;
>
> (10)   the "undesirability" of the case;
>
> (11)   the nature and length of the professional relationship with the client; and
>
> (12)   awards in similar cases.

See *Johnson*, 488 F.2d 714. Defendants do not specifically refer to these factors when

challenging Counsel's rate; however, Defendants do question the complexity of the issues

presented and point out that the case was not litigated in any significant way.  Defendants also

suggest that the attorneys' hourly rates should "more appropriately reflect their experience and

the market[.]" *Defendant's Opposition* at *8.  However, Defendants cite only to the court's ruling

in *Levy* in support of their position that a rate of $210 per hour should be imputed to Counsel.

Although the *Levy* court concluded that rate was appropriate given the circumstances of that case,

this Court has noted that fee apportionment is fact specific and, therefore, the possibility exists

that rates for the same attorney may vary from case to case.

> The Court wishes to make clear that the approval of specific rates in this particular
> case does not mean that the same rates should be automatically applied to the
> same lawyers in any other case. Indeed, the rates which shall be adopted in this
> opinion are different than those recently found to be reasonable and appropriate
> for lawyers from the same firm in other FDCPA cases in this Circuit. See *Overly*,
> 2011 WL 2651807; see also *Levy*, 2011 WL 5117855. While courts should strive
> for uniformity in decisions, each case should be fact-specific. Thus, the adoption
> of varying rates for the same attorneys in similarly situated FDCPA cases does not
> necessarily represent inconsistent decision-making, but rather reflects the unique
> analysis applied to each case.
>
> *Cassagne v. Law Offices of Weltman, Weinberg & Reis Co., LPA*, Civil Action No.

11–2791, 2011 WL 5878379 at *6 (D.N.J. Nov. 23, 2011).  Given the supporting documentation

submitted by Counsel, the lack of documentation in support of Defendants' position and the

notion that each determination of an attorney's fee petition should be fact specific, even when the

same attorney may have submitted multiple fee petitions in other cases, this Court does not find

that an hourly rate of $275 is unreasonable.

Defendants do not challenge the hourly rate of $100 for staff suggested by Counsel.  As

such, the Court will not address the reasonableness of that rate.

### B.  Hours Billed

A court must "decide whether the hours set out were reasonably expended for each of the

particular purposes described and then exclude those that are excessive, redundant or otherwise

unnecessary." *Interfaith Community Org.*, 426 F.3d at 710.  Counsel certifies that it has

expended a total of 26.2 hours of attorney and support staff time to this case.  Defendants object

to the number of hours billed and Defendants categorize Counsel's entries as either excessive, duplicative or non-compensable in their Brief in Opposition. *Defendant's Opposition* at \*10-13. Defendants also provide several specific objections in their Exhibit A [Docket Entry No. 20-1]. However, Defendants do not provide a specific objection for each entry challenged in their Exhibit A; nor does Defendants' Brief in Opposition provide clarity as to the basis of each entry challenged in Defendants' Exhibit A.  As such, it is difficult for the Court to assess the validity of an entry when the objection has not been provided.  Defendants have, however, provided general bases for their objections and the Court shall address each objection briefly prior to giving Its ultimate ruling.

### 1.  Excessive Entries

Defendants primary argument in this respect is that this was a "straightforward, non-complex FDCPA matter that was not litigated in any significant manner." *Defendants' Opposition*, Docket Entry No. 20 at \*10.  Defendants challenge several telephone conferences Counsel had with Plaintiff, specifically entries on 4/26/11 and 7/29/11 and Defendants argue that the time spent discussing her case was excessive in light of the simple nature of this matter. However, other than conclusory assertions, Defendants have not specifically indicated why each of these conversations was excessive. Defendants also suggest that the collective 2.6 hours spent by Counsel in reviewing recordings and documents, and in reviewing the file in general, is excessive given Counsel's experience in these types of matters.  Finally, Defendants contend that an excessive amount of time was billed in preparing Plaintiff's Complaint.  Again, Defendants'

complaints regarding the excessiveness of Counsel's billing entries are general and vague and Defendants fail to provide a specific basis for each entry challenged.

### 2. Duplicative and Redundant Entries

Defendants challenge several entries in which Counsel billed a total of 9.3 hours for time spent reviewing Plaintiff's file. Defendants contend that the multiple reviews are duplicative.

### 3. Non-Compensable Entries

Defendants point out that attorneys Mullaney and Shaw billed a total of 3.7 hours for strategy and conferencing among themselves. Defendants contend that Counsel has failed to demonstrate why two experienced attorneys were needed for this straightforward FDCPA case and Defendants cite to *Citibank, N.A. v. Hicks* in support of reducing the fee request. *Citibank, N.A. v. Hicks*, 2004 WL 1895189 at *6 (E.D. Pa. August 24, 2004)(citing *Daggett v. Kimmelman*, 811 F.2d 793, 797 (3d Cir.1987)(holding that reduction in fees is appropriate when several attorneys bill a large number of hours for strategy and conferencing)).

In addition, Defendants argue that research performed after Plaintiff had accepted Defendants' settlement offer, specifically the research billed on 3/17/12, is non-compensable. *Defendants' Opposition* at *13.

## III. APPLICATION

The Court has thoroughly reviewed the submissions of the parties and has done a line-by-line analysis of Defendants' Exhibit A as well as Counsel's supporting Certifications in which

they defend their billing practices.  The Court will delineate and explain each adjustment to Counsel's time sheet.

First, however, the Court notes that it is perplexed as to why the parties felt it necessary to proceed with the litigation (i.e. prepare a joint discovery plan, file and review an Answer, etc.) in light of the fact that settlement efforts were ongoing.  The Court acknowledges that a Rule 16 Conference was set because an Answer was filed.  However, the parties could have notified the Court as to their settlement efforts and could have sought a postponement of any conference or obligation to move forward with this litigation.  The parties had certainly sought extensions in the past and were clearly aware of this option as they ultimately sought this relief per their 5/16/12 letter to the Court.  Neither Plaintiff nor Defendant, however, sought relief from their obligations prior to that time.  Therefore, the Court will permit Counsel to bill for time spent furthering the litigation.

**Adjustments to Counsel's Time Sheet**:

**5/17/11** - Attorney Mullaney voluntarily withdraws 1.2 hours billed for legal research. Accordingly, the Court will eliminate this entry.

**10/27/11** - The Court agrees with Defendants that this entry is duplicative of previous entries in which Attorney Shaw reviewed Plaintiff's file, including the documentary evidence and telephone recordings.  Attorney Shaw billed 1.3 hours for this task on 4/30/11.  Accordingly, the Court will reduce the 10/27/11 entry by 0.7 hours (the time attributable to the review).

**11/12/11** - Attorney Shaw voluntarily agrees to reduce the time billed from 0.3 hours to 0.2 hours.

**12/7/11** - Attorney Shaw voluntarily agrees to eliminate the time billed for reviewing e-mails.

**3/17/12** - The Court will reduce the time billed on this date by 1.3 hours, which is the time attributable to Attorney Mullaney's research as it applied to the form of Defendants' settlement offer.  Ultimately, the parties drafted their own stipulation of settlement; therefore, it is unclear to the Court why so much time and thought was devoted to the form of Defendants' initial settlement offer.

**4/26/12** - The Court will reduce the entry billed by Attorney Shaw by 0.5 hours, which is the time attributable to Attorney Shaw's preparation of Plaintiff's Brief in Support of her Motion for Attorney's Fees and Costs.  The prior entry in Counsel's time sheet indicates that Attorney Mullaney spent 0.8 hours researching and 0.6 hours reviewing and editing Plaintiff's Brief.  In light of the fact that Attorney Mullaney performed the necessary research, it is unclear to the Court why, and how, Attorney Shaw would prepare the brief.  In addition, Defendants have challenged the time spent preparing the brief.  Defendants allege that Counsel previously researched this subject in preparation of their Motion for Attorney's Fees in a separate FDCPA matter. *Perez v. Midland Funding, LLC, et al.*, Civil Action No. 09-6407 (D.N.J. Aug 11, 2011).  The Court has reviewed Counsel's brief in that case [Docket Entry No. 26-3] and compared it to the brief in the present action.  While there no doubt exist similarities, the Court finds that Counsel did, indeed, perform independent and unique research in support of the present motion.  For example, the motion in the *Perez* action sought attorney's fees for an attorney licensed in

Florida and the brief in support cited to the Attorney Fee Survey and the Laffey Matrix. *Brief in Support of Motion for Attorney's Fees*, Civil Action No. 09-6407, Docket Entry No. 26-3, \*13-14.  In the case currently before the Court, Counsel relied on the National Law Journal in support of their proposed hourly rate and on the Bureau of Labor Statistics in support of their argument to increase the hourly rate due to inflation. *Brief in Support of Motion for Attorney's Fees*, Civil Action No. 12-31, Docket Entry No. 13-3, \*11-12.  Therefore, the Court finds that the research billed for in Attorney Mullaney's 4/26/12 entry was not "unnecessary and non-compensable" as alleged by Defendants. *Defendant's Exhibit A*, Docket Entry No. 20-1 at \*12.  Attorney Mullaney will be permitted to bill for the research performed in preparation of Plaintiff's Brief in Support of her Motion.  However, as discussed above, Attorney Shaw, who did not perform the requisite research, will not be permitted to bill for preparation of the brief and his 4/26/12 entry will be reduced to 0.3 hours, which is the time attributable to the task of drafting his Certification in Support of Plaintiff's Motion.

## III.  LODESTAR CALCULATION

Based on the above analysis, the Court finds that the following hourly rates and the following number of hours are reasonable:

| Legal Professional | Hourly Rate | Hours Worked | Total Fee |
|---|---|---|---|
| Joseph A. Mullaney, III, Esq | $275.00 | 10.1 | $ 2,777.50 |
| Brian T. Shaw, Esq. | $275.00 | 12.9 | $ 3,547.50 |
| KDR, staff | $100.00 | 1.2 | $   120.00 |
| KAM, staff | $100.00 | 1.1 | $   110.00 |
| TOTAL: | | 25.3 | $ 6,555.00 |

As set forth above, the total fees in this case are $6,555.00.  Together with $360.90 in costs (representing a $350.00 court filing fee as well as $10.90 in postage) incurred by Counsel, the total sum of fees and costs to be awarded to Counsel is $6,915.90.  The Court will not require Counsel to apply the 10% discount which they offered at the outset.

## IV.  CONCLUSION

For the reasons set forth above, and with good cause shown,

It is on this 20th day of August, 2012, hereby

ORDERED that Counsel's motion for an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) is GRANTED in part; and it is further

ORDERED that Defendant shall pay Counsel's attorney's fees in the amount of $6,915.90; and it is further

**ORDERED that the Clerk of the Court shall terminate this motion [Docket Entry No. 13], accordingly.**

**s/Tonianne J. Bongiovanni**
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

15